UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MENDOZA, | No. 2:16-cv-0645 AC P |
| Plaintiff, | |
| v. | ORDER and |
| GAIL R. WEINHEIMER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner at Valley State Prison (VSP) in Chowchilla, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and the undersigned recommends this action be dismissed without leave to amend.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 6, will be granted.

1

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Complaint

#### A. Background and Plaintiff's Allegations

Plaintiff Pedro Mendoza is serving a life sentence following his 1995 San Joaquin County conviction for two counts of first degree murder and two counts of attempted premeditated murder. Plaintiff was jointly tried and convicted with his brother, Luis Mendoza. In 1998, plaintiff filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was improvidently stayed for a period of fourteen years due largely to the inaction of his appointed counsel, Gail Weinheimer, to pursue the exhaustion of plaintiff's putative new incompetency-to-stand-trial claim in the state courts. See generally, Pedro Mendoza v. Beard, Case No. 2:98-cv-1857 MCE GGH P (E.D. Cal.).

In 2014, Assistant Federal Public Defender Carol Wiggin assumed representation of plaintiff. The court denied the government's motion to dismiss the habeas action for failure to prosecute but nevertheless dismissed the unexhausted competency claim on the ground that plaintiff had forfeited his right to seek further stays of the claim. Id., ECF Nos. 46, 51.

Attorney Mark Eibert was thereafter substituted for attorney Wiggin. On April 29, 2016, the district court denied plaintiff's habeas petition in full. Id., ECF Nos. 71, 78. On January 10,

2017, the Court of Appeals denied a certificate of appealability. Id., ECF No. 84.

While the findings and recommendations were pending in Pedro Mendoza v. Beard, Case No. 2:98-cv-1857 MCE GGH P (E.D. Cal.), plaintiff filed the instant complaint. In this case, plaintiff names as defendants his former attorneys Weinheimer and Wiggin, the Federal Defenders Office; the Clerk of this court; and the attorneys who represented plaintiff's brother in Luis' own federal habeas action, Denise Kendall and Benjamin Ramos. See Luis Mendoza v. Beard, Case No. 2:98-cv-02150 MCE GGH P (E.D. Cal.).[1] Plaintiff alleges herein that "[a]ll defendants named in this lawsuit conspired with public officials to deprive plaintiffs [both brothers] of constitutional rights by defrauding plaintiffs as well as the Federal District Court for 14+ years." ECF No. 1 at 3. The complaint seeks declaratory and monetary relief.

        B.        Analysis

None of the putative defendants named in this action are proper defendants against whom this action may proceed. For this reason, and because plaintiff's claims are Heck-barred, the undersigned recommends dismissal of this action without leave to amend.

First, both the Federal Public Defender Office and the Clerk of this court are absolutely immune from suit. The Federal Public Defender Office, created by the Criminal Justice Act, 18 U.S.C. § 3006A(g)(2)(A), is part of the federal judiciary and entitled to sovereign immunity which has not been waived. See e.g. Ellsworth v. Wallace, 2005 WL 2978926, at *4, 2005 U.S. Dist. LEXIS 45758, at *11 (N.D. Okla. Nov. 7, 2005). Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Second, plaintiff has no standing to pursue any claims against his brother's habeas attorneys, Denise Kendall and Benjamin Ramos. Standing requires, in pertinent part, that "the

---

[1] The federal habeas case pursued by plaintiff's brother remains pending. On January 9, 2017, the Court of Appeals issued its mandate, rendering its decision filed December 19, 2018 fully effective. That decision reversed the district court's dismissal of the petition on failure-to-prosecute grounds, and directed the district court to allow the petitioner to proceed with his amended petition filed January 2000. See generally Luis Mendoza v. Beard, Case No. 2:98-cv-02150 MCE GGH P (E.D. Cal.).

party who invokes the court's authority . . . show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). Plaintiff was not personally injured by the challenged conduct of his brother's attorneys.

Third, plaintiff has not stated cognizable claims against his own former federal habeas attorneys, Gail Weinheimer and Carole Wiggin. The court initially notes that 42 U.S.C. § 1983, the civil rights statute under which plaintiff brings this action, provides for lawsuits against state officials, not federal actors. See West v. Atkins, 487 U.S. 42, 49-50 (1988) (§ 1983 defendant must have been exercising power provided by state law). Civil rights claims against federal actors are properly brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971). However, federal public defenders do not act under color of federal law for purposes of a Bivens action. See Hill v. Bookout, 584 Fed. Appx. 588, 589 (9th Cir. 2014) (rejecting Bivens action against federal public defender in a federal habeas action on the ground that "a federal public defender does not act under color of federal law when performing the traditional role of a lawyer representing an indigent criminal defendant"); see also Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982) (federal public defender does not act under color of federal law in a federal criminal proceeding). Even if Ms. Weinheimer had been working for a state agency at the time she represented plaintiff, she could not be liable under Section 1983). Polk County v. Dodson, 454 U.S. 312, 320-25 (1981) (state public defender does not act under color of state law within the meaning of Section 1983).

Plaintiff is not foreclosed from pursuing a legal malpractice action in the state courts. See Ferri v. Ackerman, 444 U.S. 193, 204-05 (1979) ("The primary rationale for granting immunity to judges, prosecutors, and other public officers does not apply to defense counsel sued for malpractice by his own client."). However, such claims are governed by state law and must be brought in the state courts. Moreover, legal malpractice claims are not assignable from the aggrieved client to another person. See e.g. Curtis v. Kellogg & Andelson, 73 Cal. App. 4th 492, 504 (1999).

////

Finally, all of plaintiff's claims are barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Because plaintiff is currently serving a sentence based on the conviction he challenges, he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. <u>Id.</u> at 486-87.

For these several reasons, this action should be dismissed without leave to amend.

V.   <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 6, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE